

California
LEGISLATIVE INFORMATION

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

**Code:** Select Code ⬍  **Section:** 1798.300  Search ⓘ

Up^     Add To My Favorites

**CIVIL CODE - CIV**

   **DIVISION 3. OBLIGATIONS [1427 - 3273.91]** *( Heading of Division 3 amended by Stats. 1988, Ch. 160, Sec. 14. )*

     **PART 4. OBLIGATIONS ARISING FROM PARTICULAR TRANSACTIONS [1738 - 3273.91]** *( Part 4 enacted 1872. )*

**TITLE 1.81.7. Reproductive and Gender-Affirming Health Care Services [1798.300 - 1798.308]** *( Title 1.81.7 added by Stats. 2023, Ch. 260, Sec. 6. )*

**1798.300.** As used in this title, the following definitions apply:

(a) "Abusive litigation" means litigation or other legal action to deter, prevent, sanction, or punish a person engaging in legally protected health care activity by either of the following:

   (1) Filing or prosecuting an action in a state other than California where liability, in whole or part, directly or indirectly, is based on a legally protected health care activity that was legal in the state in which it occurred, including an action in which liability is based on a theory of vicarious, joint, or several liability.

   (2) Attempting to enforce an order or judgment issued in connection with an action described in paragraph (1) by a party to that action or a person acting on behalf of a party to that action. An action shall be considered to be based on conduct that was legal in the state in which it occurred if a part of an act or omission involved in the course of conduct that forms the basis for liability in the action occurs or is initiated in a state in which the health care was legal, whether or not the act or omission is alleged or included in a pleading or other filing in the lawsuit.

(b) "Aggrieved person, provider, or other entity" includes, but is not limited to, a person who resides in California, a business or entity doing business in the state or located in the state, a health care service plan, a health insurer, a person or entity that provided a legally protected health care activity in California, a person who received a legally protected health care activity from a provider licensed in California, a person or entity that is licensed in California to provide a legally protected health care activity, including a provider, clinic, or a person who assisted a person or entity that received or provided a legally protected health care activity in California.

(c) "Gender-affirming health care services" and "gender-affirming mental health care services" have the same meaning as defined in paragraph (3) of subdivision (b) of Section 16010.2 of the Welfare and Institutions Code.

(d) (1) "Legally protected health care activity" means any of the following:

   (A) The exercise and enjoyment, or attempted exercise and enjoyment, by a person of rights to reproductive health care services, gender-affirming health care services, or gender-affirming mental health care services secured by the Constitution or laws of California or the provision by a health care service plan contract or a policy, or a certificate of health insurance, that provides for such services.

   (B) An act or omission undertaken to aid or encourage, or attempt to aid or encourage, a person in the exercise and enjoyment or attempted exercise and enjoyment of rights to reproductive health care services, gender-affirming health care services, or gender-affirming mental health care services secured by the Constitution or laws of California.

   (C) The provision of reproductive health care services, gender-affirming health care services, or gender-affirming mental health care services by a person duly licensed under the laws of California or the coverage of, and reimbursement for, such services or care by a health care service plan or a health insurer, if the service or care is lawful under the laws of California, regardless of the patient's location.

   (2) "Legally protected health care activity" does not include any activity that would be deemed unprofessional

conduct or that would violate antidiscrimination laws of California.

(e) "Reproductive health care services" means and includes all services, care, or products of a medical, surgical, psychiatric, therapeutic, diagnostic, mental health, behavioral health, preventative, rehabilitative, supportive, consultative, referral, prescribing, or dispensing nature relating to the human reproductive system provided in accordance with the constitution and laws of this state, whether provided in person or by means of telehealth services which includes, but is not limited to, all services, care, and products relating to pregnancy, the termination of a pregnancy, assisted reproduction, or contraception.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.301.**  Reproductive health care services, gender-affirming health care services, and gender-affirming mental health care services are rights secured by the Constitution and laws of California. Interference with these rights, whether or not under the color of law, is against the public policy of California.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.302.**  A public act or record of a foreign jurisdiction that prohibits, criminalizes, sanctions, authorizes a person to bring a civil action against, or otherwise interferes with a person, provider, or other entity in California that seeks, receives, causes, aids in access to, aids, abets, provides, or attempts or intends to seek, receive, cause, aid in access to, aid, abet, or provide, reproductive health care services, gender-affirming health care services, or gender-affirming mental health care services shall be an interference with the exercise and enjoyment of the rights secured by the Constitution and laws of California and shall be a violation of the public policy of California.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.303.**  If a person, whether or not acting under color of law, engages or attempts to engage in abusive litigation that infringes on or interferes with, or attempts to infringe on or interfere with, a legally protected health care activity, then an aggrieved person, provider, carrier, or other entity, including a defendant in the abusive litigation, may institute a civil action for injunctive, monetary, or other appropriate relief within three years after the cause of action accrues.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.304.**  An aggrieved person, provider, or other entity, including a defendant in abusive litigation, may move to modify or quash a subpoena issued in connection with abusive litigation on the grounds that the subpoena is unreasonable, oppressive, or inconsistent with the public policy of California.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.305.**  If the court finds for the petitioner in an action authorized by Section 1798.303, recovery shall be in the amount of three times the amount of actual damages, which shall include damages for the amount of a judgment issued in connection with an abusive litigation, and any other expenses, costs, or reasonable attorney's fees incurred in connection with the abusive litigation.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.306.**  (a) A court may exercise jurisdiction over a person in an action authorized by Section 1798.303 if any of the following apply:

(1) Personal jurisdiction is found under Section 410.10 of the Code of Civil Procedure.

(2) The person has commenced an action in a court in California and, during the pendency of that action or an appeal therefrom, a summons and complaint is served on the person or the attorney appearing on the person's behalf in that action or as otherwise permitted by law.

(3) The exercise of jurisdiction is permitted under the Constitution of the United States.

(b) This section does not apply to a lawsuit or judgment entered in another state that is based on conduct for which a cause of action exists under the laws of California, including a contract, tort, common law, or statutory claim.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.307.** Notwithstanding any other law, the laws of California shall govern in a case or controversy heard in California related to reproductive health care services, gender-affirming health care services, or gender-affirming mental health care services, except as may be required by federal law.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*

**1798.308.** This title shall not be construed to provide jurisdiction over a California resident in an out-of-state forum when the California resident has not availed themselves of that forum.

*(Added by Stats. 2023, Ch. 260, Sec. 6. (SB 345) Effective January 1, 2024.)*