UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **Jerry Rodriguez** and **Isabella Irene Rodriguez**,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**Remy Coeytaux**,<br><br>　　　　　Defendant. | Case No. 3:26-cv-207 |

## ORDER

The plaintiff's motion for preliminary injunction (ECF No. 17) is granted.

The Court determines that plaintiffs Jerry Rodriguez and Isabella Irene Rodriguez are likely to succeed on the merits of their request for an antisuit injunction that restrains defendant Remy Coeytaux from suing Mr. or Ms. Rodriguez, their attorneys, or any person providing legal representation or any type of assistance to Mr. or Ms. Rodriguez, under the provisions of California law codified at sections 1798.300–1798.308 of the California Civil Code, or any other clawback provision described in section 171A.151(a) of the Texas Health and Safety Code. The Court concludes that Mr. or Ms. Rodriguez are likely to succeed on the merits on this request because the law of Texas applies to this action, and the law of Texas requires courts to issue the antisuit injunction requested by the plaintiffs. *See Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 496–97 (1941) (federal diversity courts must apply

the forum state's choice-of-law rules); Tex. Health & Safety Code § 171A.151(b) (requiring application of Texas law); Tex. Health & Safety Code § 171A.151(c) (requiring issuance of an anti-clawback injunction).

The Court further concludes that Mr. and Ms. Rodriguez will suffer irreparable harm absent a preliminary injunction, because they will be unable to litigate their wrongful-death and HB 7 claims against defendant Coeytaux without exposing themselves to clawback liability, and any attorney who represents Mr. or Ms. Rodriguez will face a conflict of interest because successful advocacy on Mr. or Ms. Rodriguez's behalf will increase the liability that their lawyers will face in a clawback lawsuit. The Court also concludes that the balance of equities and the public interest favor a preliminary injunction.

It is therefore ORDERED that defendant Remy Coeytaux, along with every person in privity or in active concert or participation with him, is ENJOINED from engaging in litigation against plaintiffs Jerry Rodriguez and Isabella Irene Rodriguez, a person in privity with Mr. or Ms. Rodriguez, or any person providing legal representation or any type of assistance to Mr. Rodriguez, under the provisions of California law codified at sections 1798.300–1798.308 of the California Civil Code, or any other clawback provision described in section 171A.151(a) of the Texas Health and Safety Code.

So ordered.

Signed on _____, at Galveston, Texas.

_____
Hon. Jeffery V. Brown
United States District Judge