# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

|  |  |
|---|---|
| **Jerry Rodriguez** and **Isabella Irene Rodriguez**, | |
| Plaintiffs, | |
| v. | Case No. 3:26-cv-207 |
| **Remy Coeytaux**, | |
| Defendant. | |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)

# TABLE OF CONTENTS

Table of contents ............................................................................................. i

Table of authorities ........................................................................................ ii

Background ....................................................................................................1

The Court should enter judgment under Rule 54(b)...................................... 3

    I.   There is no just reason to delay entry of judgment because the plaintiffs are entitled to a permanent anti-clawback injunction "on request" ........................................................................................ 4

        A.  The law of Texas applies to this case ............................................... 4

        B.  Texas law entitles the plaintiffs to a permanent anti-clawback injunction "on request" .................................................................. 6

    II.  There is no just reason to delay entry of judgment because the threat of clawback lawsuits will deter the plaintiffs and their attorneys from zealously pursuing their claims in this litigation ........................................... 8

    III. There is no just reason to delay entry of judgment even if this court decides to grant the plaintiffs' motion for a preliminary anti-clawback injunction ...................................................................................10

Conclusion .................................................................................................. 11

Certificate of word count .............................................................................12

Certificate of conference ..............................................................................13

Certificate of service ....................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Edgar v. MITE Corp.*, 457 U.S. 624 (1982)..................................................................10

*Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S.
  487 (1941)................................................................................................4, 6

*Lake v. HealthAlliance Hospital Broadway Campus*, 738 F. Supp.
  3d 208 (N.D.N.Y. 2024) ...............................................................................10

**Statutes**

18 U.S.C. § 1461–1462..................................................................................2

Cal. Civil Code § 1798.300 *et seq.* ...................................................................1

Cal. Civil Code § 1798.300(a) ....................................................................2, 7

Cal. Civil Code § 1798.300(a)(1)–(2) .................................................................2

Cal. Civil Code § 1798.300(d)........................................................................7

Cal. Civil Code § 1798.303 .......................................................................2, 7, 9

Cal. Civil Code § 1798.305...........................................................................2

Tex. Health & Safety Code § 171A.106(b)...........................................................4

Tex. Health & Safety Code § 171A.151(a)–(b) .......................................................5

Tex. Health & Safety Code § 171A.151(a)(1) .....................................................6, 7

Tex. Health & Safety Code § 171A.151(b) .......................................................2, 4, 5

Tex. Health & Safety Code § 171A.151(b)(1)........................................................5

Tex. Health & Safety Code § 171A.151(b)(2) ........................................................5

Tex. Health & Safety Code § 171A.151(c) ......................................................3, 4, 6, 7

**Rules**

Fed. R. Civ. P. 54(b) ...............................................................................1, 3

Plaintiff Jerry Rodriguez and Isabella Irene Rodriguez respectfully ask this Court to enter judgment under Rule 54(b) and permanently enjoin Remy Coeytaux from filing "clawback" lawsuits against them or their attorneys under California's abortion-shield law. *See* Cal. Civil Code § 1798.300 *et seq.* (attached as Exhibit 1). The plaintiffs are seeking entry of judgment only on their request for an anti-clawback injunction[1] and not on any of their remaining claims against Coeytaux. *See* Fed. R. Civ. P. 54(b) (authorizing courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").

A partial final judgment under Rule 54(b) is needed to ensure that the plaintiffs' attorneys can zealously represent their clients in this lawsuit without exposing themselves and their clients to ruinous civil liability under California's clawback law. And the plaintiffs and their lawyers need that assurance at the outset of this litigation, before they take actions that increase their liability for treble damages under California's statute. There is "no just reason for delay" in resolving the plaintiffs' request for a permanent injunction against the enforcement of this clawback regime, especially when Texas law requires this Court to permanently enjoin the filing of clawback lawsuits "on request." Tex. Health & Safety Code § 171A.151(c).

## BACKGROUND

California's shield law allows abortion providers to file revenge lawsuits against anyone who sues or prosecutes them over their illegal abortion-pill shipments into other states. *See* Cal. Civil Code § 1798.300 *et seq.* (attached as Exhibit 1). It authorizes these lawsuits even when the abortion provider is sued or prosecuted in a state

---

1.  *See* Complaint, ECF No. 1, at ¶¶ 37–42.

or federal court outside California—and even when the provider is sued or prosecuted for conduct that indisputably violates the laws of another state or the federal laws that criminalize abortion-pill shipments.[2] *See* Cal. Civil Code § 1798.300(a)(1)–(2).

California allows these lawsuits to be filed against any person who "engages or attempts to engage"[3] in this litigation against Coeytaux, which includes not only Mr. and Ms. Rodriguez but anyone who testifies as a witness or otherwise assists the plaintiffs in litigating their claims. If Coeytaux were to sue the plaintiffs (or anyone else) under this clawback provision, California law would entitle Coeytaux to recover three times the amount of any judgment that the plaintiffs obtain against him in this lawsuit—plus three times the amount of any "expenses, costs, or reasonable attorney's fees" or other "actual damages" that Coeytaux incurs on account of that lawsuit. *See* Cal. Civil Code § 1798.305. These damages are mandatory, and Coeytaux would be entitled to collect this amount in each of the lawsuits that he files against each individual who "engages or attempts to engage" in this litigation.

The plaintiffs' complaint seeks a permanent antisuit injunction that will restrain Coeytaux from suing Mr. or Ms. Rodriguez, their attorneys, or any person providing legal representation or any type of assistance to the plaintiffs under these clawback provisions. *See* Complaint, ECF No. 1, at ¶¶ 37–42. The plaintiffs are entitled to a permanent injunction because the law of Texas applies to this case,[4] and it requires this Court to enjoin Coeytaux from suing the plaintiffs or any person providing legal

---

2. *See* 18 U.S.C. § 1461–1462.
3. Cal. Civil Code § 1798.303.
4. *See* Tex. Health & Safety Code § 171A.151(b).

representation or any type of assistance to the plaintiffs under these clawback provisions. *See* Tex. Health & Safety Code § 171A.151(c) (requiring a permanent anti-clawback injunction to issue "on request").

**THE COURT SHOULD ENTER JUDGMENT UNDER RULE 54(b)**

Rule 54(b) allows this Court to enter final judgment on the plaintiffs' request for an anti-clawback injunction if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The full text of the rule provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

There is "no just reason" to delay entry of judgment on the plaintiffs' anti-clawback claim because: (1) The law of Texas unambiguously entitles the plaintiffs to a permanent antisuit injunction "on request";[5] (2) The ongoing threat of clawback lawsuits makes it impossible for the plaintiffs and their attorneys to litigate their claims without exposing themselves to ruinous liability; and (3) a final judgment with res judicata effect is needed to ensure that Coeytaux will not file retaliatory lawsuits against the plaintiffs or their lawyers.

---

5. *See* Tex. Health & Safety Code § 171A.151(c).

## I. THERE IS NO JUST REASON TO DELAY ENTRY OF JUDGMENT BECAUSE THE PLAINTIFFS ARE ENTITLED TO A PERMANENT ANTI-CLAWBACK INJUNCTION "ON REQUEST"

The law of Texas applies to this diversity action,[6] and section 171A.151(c) of the Texas Health and Safety Code requires this Court to permanently enjoin Coeytaux from suing the plaintiffs under California's clawback provisions "on request." *See* Tex. Health & Safety Code § 171A.151(c) (attached as Exhibit 2). So the plaintiffs are entitled to an immediate and permanent injunction, and the law requires this Court to enter that injunction without waiting until the end of these proceedings.

### A. The Law Of Texas Applies To This Case

A federal diversity court must apply the choice-of-law rules of the forum state. *See Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 496–97 (1941). And Texas's HB 7 makes clear that Texas law applies not only to Ms. Rodriguez's qui tam claim against Coeytaux,[7] but also to any ancillary litigation surrounding the enforceability of California's clawback law against the plaintiffs or any person providing them with legal representation or assistance.

Section 171A.151 of the Texas Health and Safety Code provides, in relevant part:

> (a) For purposes of this section, the term "clawback provision" refers to any law of another state or jurisdiction that authorizes the bringing of a civil action against a person for:
>
> > (1) bringing or engaging in an action authorized by this chapter, including Subsection (f);

---

6. *See* Tex. Health & Safety Code § 171A.151(b); *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 496–97 (1941) (federal diversity courts must apply the forum state's choice-of-law rules).

7. *See* Tex. Health & Safety Code § 171A.106(b) ("Notwithstanding any other law, the law of this state applies to an action brought under Section 171A.101 to the maximum extent permitted by the Texas Constitution and federal law, including the United States Constitution.").

(2)  bringing or engaging in an action that alleges a violation of Section 171A.051;

(3)  attempting, intending, or threatening to bring or engage in an action described by Subdivision (1) or (2); or

(4)  providing legal representation or any type of assistance to a person who brings or engages in an action described by Subdivision (1) or (2).

(b)  Notwithstanding any other law and except as otherwise provided by federal law or the Texas Constitution, the laws of this state apply to:

(1)  conduct described by Subsection (a);

(2)  an action brought against a person for engaging in conduct described by Subsection (a);

(3)  an action brought under a clawback provision against a resident of this state; and

(4)  an action brought under Subsection (f).

Tex. Health & Safety Code § 171A.151(a)–(b). After subsection (a) defines "clawback provision," subsection (b) declares that Texas law will govern:

- The "bringing" of or the "engaging in" the action filed by the plaintiffs against Coeytaux;[8]

- The provision of "legal representation or any type of assistance" to the plaintiffs in their lawsuit against Coeytaux;[9] and

- Any clawback action that might be brought against the plaintiffs or those providing legal representation or any type of assistance to the plaintiffs in this litigation.[10]

---

8.   *See* Tex. Health & Safety Code § 171A.151(b)(1).

9.   *See* Tex. Health & Safety Code § 171A.151(b)(1).

10.  *See* Tex. Health & Safety Code § 171A.151(b)(2).

So the enforceability of California's clawback provision against the plaintiffs or any person providing legal representation or any type of assistance to the plaintiffs in this litigation is governed by Texas law. *See Klaxon*, 313 U.S. at 496–97.

**B.      Texas Law Entitles The Plaintiffs To A Permanent Anti-Clawback Injunction "On Request"**

Section 171A.151(c) of the Texas Health and Safety Code requires courts to issue, on request, a permanent anti-clawback injunction in any case that asserts a claim for relief under HB 7:

> (c)  Notwithstanding any other law, in an action described by Subsection (a)(1) or (2), the court shall, on request, issue a temporary, preliminary, or permanent injunction that restrains each defendant in the action, each person in privity with the defendant, and each person with whom the defendant is in active concert or participation from:
>
> > (1)  bringing an action under any clawback provision against a claimant or prosecutor, a person in privity with the claimant or prosecutor, or a person providing legal representation or any type of assistance to the claimant or prosecutor; and
> >
> > (2)  continuing to litigate an action under any clawback provision that has been brought against a claimant or prosecutor, a person in privity with the claimant or prosecutor, or a person providing legal representation or any type of assistance to the claimant or prosecutor.

Tex. Health & Safety Code § 171A.151(c).

The provisions of California law that authorize Coeytaux to file retaliatory lawsuits against the plaintiffs meet the definition of "clawback provision" in subsection (a). The plaintiffs have brought "an action authorized by this chapter"[11] because Ms. Rodriguez is suing Coeytaux under section 171A.101(a) of the Texas Health and

---

11.    *See* Tex. Health & Safety Code § 171A.151(a)(1).

Safety Code,[12] and California's shield law authorizes Coeytaux to bring a civil action against the plaintiffs for "engaging"[13] in this action. *See* Cal. Civil Code § 1798.303 (authorizing retaliatory lawsuits against anyone who "engages or attempts to engage in abusive litigation that infringes on or interferes with, or attempts to infringe on or interfere with, a legally protected health care activity"); Cal. Civil Code § 1798.300(d) (defining "legally protected health care activity" to include the mailing of abortion pills from California to patients in other states); Cal. Civil Code § 1798.300(a) (defining "abusive litigation" to encompass "litigation or other legal action to deter, prevent, sanction, or punish a person engaging in legally protected health care activity by . . . (1) Filing or prosecuting an action in a state other than California where liability, in whole or part, directly or indirectly, is based on a legally protected health care activity that was legal in the state in which it occurred, including an action in which liability is based on a theory of vicarious, joint, or several liability.").

The plaintiffs are therefore entitled to a permanent antisuit injunction that restrains Coeytaux from suing the plaintiffs, a person in privity with the plaintiffs, or any person providing legal representation or any type of assistance to the plaintiffs under California's shield law or any similar "clawback" provision. *See* Tex. Health & Safety Code § 171A.151(c). And there is "no just reason for delay" in entering this permanent injunction under Rule 54(b), because the plaintiffs are statutorily entitled to entry of a permanent injunction "on request." *See id.*

---

12. *See* Complaint, ECF No. 1, at ¶¶ 32–35.
13. *See* Tex. Health & Safety Code § 171A.151(a)(1).

## II. There Is No Just Reason To Delay Entry Of Judgment Because The Threat Of Clawback Lawsuits Will Deter The Plaintiffs And Their Attorneys From Zealously Pursuing Their Claims In This Litigation

Even apart from the statutory command of section 171A.151(c), there is "no just reason for delay" in entering judgment under Rule 54(b) because neither the plaintiffs nor their attorneys should have to litigate this case under the threat of clawback lawsuits posed by California's abortion-shield law. Our courts and our system of justice depend on an adversarial presentation of the issues, in which opposing litigants vigorously contest the facts and law, hammer the perceived weaknesses in their opponents' arguments, and present their competing positions for a judge to resolve. Attorneys are ethically obligated to zealously represent the interests of their clients so courts can make accurate decisions when adjudicating facts and the law. The clawback provisions in California's shield law are designed to deter and punish the zealous advocacy and adversarial litigation that the judiciary relies upon.

Consider the situation from the perspective of the plaintiffs. Without an antisuit injunction, the plaintiffs will be facing the risk of a future clawback lawsuit from Coeytaux in which they will have to pay three times the amount of any judgment that they win against Coeytaux in this case—*plus* three times the amount of any "expenses, costs, or reasonable attorney's fees" or other "actual damages" that Coeytaux incurs on account of this lawsuit. The plaintiffs will face clawback liability *even if they win* their lawsuit against Coeytaux; indeed, they will face *greater* liability under California's clawback law if they prevail in this litigation because California's law requires them to fork out three times the amount of any monetary judgment that they win against Coeytaux in this case. California's clawback law is designed to deter

and punish litigants who bring *meritorious* claims against California's abortion providers, and it punishes successful litigants more than those who bring meritless claims that are quickly dispatched by the courts. A prompt and permanent injunction against the filing of clawback lawsuits is needed at the outset of this case to ensure that Rodriguez will not be deterred from pursuing and litigating meritorious claims and arguments that will increase his exposure to liability under California's clawback law.

The situation is even worse from the standpoint of the plaintiffs' counsel. The plaintiffs' attorney is ethically obligated as counsel to his clients and as an officer of this Court to zealously represent Mr. and Ms. Rodriguez, vigorously pursue discovery, and present whatever reasonable arguments can made on his clients' behalf. Yet if the plaintiffs' lawyer follows through on his ethical duties, he will face clawback liability of his own, as California's law authorizes retaliatory lawsuits against anyone who "engages or attempts to engage"[14] in this litigation against Coeytaux—regardless of whether someone "engages" as a litigant or as an attorney. The plaintiffs' lawyer will also face a conflict of interest if this Court denies a permanent injunction. If he zealously represents his clients and wins a favorable judgment on their behalf, that will *increase* the clawback liability that he will face if Coeytaux decides to file a revenge lawsuit for treble damages. California's clawback regime means that a lawyer's success on behalf of his client winds up *increasing* the lawyer's exposure (and his client's exposure) to clawback liability, while a lawyer who loses or bungles the job *reduces* the treble-damages liability that he (and his client) will face in a subsequent clawback lawsuit. It is hard to see how a lawyer can ethically represent a client

---

14. Cal. Civil Code § 1798.303.

under these circumstances, which only underscores the need for an immediate and permanent anti-clawback injunction under Rule 54(b).

### III. There Is No Just Reason To Delay Entry Of Judgment Even If This Court Decides To Grant The Plaintiffs' Motion For A Preliminary Anti-Clawback Injunction

The plaintiffs have already moved for a preliminary injunction that would restrain Coeytaux from filing clawback lawsuits during the pendency of this litigation. *See* Mot. for Prelim. Inj., ECF No. 5. But even if this Court grants the requested preliminary injunction, there still will be "no just reason for delay" in entering partial final judgment under Rule 54(b).

A preliminary injunction lasts only until the conclusion of litigation in the district court, and it cannot stop Coeytaux from filing retaliatory lawsuits against the plaintiffs or their attorneys after the litigation ends. More importantly, a preliminary injunction or a permanent injunction issued at the end of the lawsuit can be vacated on appeal, and if that happens the erstwhile injunction will do nothing to shield Rodriguez or his attorneys from clawback liability that was incurred while the injunction was in effect. *See Lake v. HealthAlliance Hospital Broadway Campus*, 738 F. Supp. 3d 208, 220 n.14 (N.D.N.Y. 2024) ("[I]f an injunction is dissolved the State may enforce the statute against violators for conduct that occurred while the injunction was in place."); *see also Edgar v. MITE Corp.*, 457 U.S. 624, 648–53 (1982) (Stevens, J., concurring in part and concurring in the judgment).

It is therefore imperative that the Court enter final judgment on the clawback issue now—before the parties litigate the wrongful-death and HB 7 claims—so that the issue can be appealed and resolved as soon as possible by the appellate courts. And if no appeal is taken from the entry of judgment under Rule 54(b), then the

court's judgment will have res judicata effect. A favorable and unappealed final judgment under Rule 54(b) will provide assurance that the plaintiffs and their attorneys can "engage" in this litigation without facing subsequent clawback lawsuits from Coeytaux. And an unfavorable final judgment under Rule 54(b) will facilitate appellate review of the clawback issue before substantial liability is incurred. There is no just reason for delaying entry of judgment on the plaintiffs' anti-clawback claim, whichever way the Court decides to rule.

## CONCLUSION

The motion for entry of final judgment under Rule 54(b) should be granted.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
  *Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: July 6, 2026                    *Counsel for Plaintiffs*

# CERTIFICATE OF WORD COUNT

I certify that this motion contains 2,996 words.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Christopher M. Odell, counsel for the defendant, and we were unable to agree about the disposition of this motion.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on July 6, 2026, I served this document by e-mail upon:

CHRISTOPHER M. ODELL
LEAH SCHULTZ
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002-2755
(713) 576-2400 (phone)
(713) 576-2499 (fax)
christopher.odell@arnoldporter.com
leah.schultz@arnoldporter.com

JENNA HUDSON
Center for Reproductive Rights
1600 K Street NW
Washington, DC 20002
(202) 628-0286 (phone)
jhudson@reprorights.org

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
*Counsel for Plaintiffs*