**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JERRY RODRIGUEZ and ISABELLA IRENE RODRIGUEZ | § § § § § § § § § § | |
| Plaintiffs, | | |
| | | C.A. NO. 3:26-cv-207 |
| v. | | |
| REMY COEYTAUX | | |
| Defendant. | | |

**DEFENDANT'S OPPOSED MOTION FOR STAY OF DEFENDANT'S
DEADLINE TO RESPOND TO PLAINTIFFS' PENDING MOTIONS OR,
ALTERNATIVELY, FOR BRIEFING SCHEDULE FOR DEFENDANT'S
FORToCOMING MOTION TO DISMISS AND PLAINTIFFS' PENDING
MOTIONS**

Defendant Dr. Remy Coeytaux respectfully moves the Court for entry of an order staying his deadlines to respond to the pending motions of Plaintiffs Jerry Rodriguez and Isabella Irene Rodriguez for a preliminary injunction (ECF No. 5) and for a Rule 54(b) judgment (ECF No. 6) until thirty days after the Court decides Dr. Coeytaux's forthcoming motion to dismiss. Alternatively, Dr. Coeytaux requests that the Court enter a briefing schedule by which his motion to dismiss and Plaintiffs' pending motions will be briefed simultaneously. Dr. Coeytaux's request will help conserve party and judicial resources while preventing unwarranted prejudice. Plaintiffs oppose this motion.

1

## BACKGROUND

### A.    Mr. Rodriguez Files Serial Complaints Against Dr. Coeytaux

This is the second case—and third complaint—that Mr. Rodriguez has filed against Dr. Coeytaux. *See generally Rodriguez v. Coeytaux* (*Rodriguez I*), No. 3:25-cv-00225 (S.D. Tex. filed July 20, 2025); *Rodriguez v. Coeytaux* (*Rodriguez II*), 3:26-cv-00207 (S.D. Tex. filed June 30, 2026).

In the first case, *Rodriguez I*, No. 3:25-cv-00225, Mr. Rodriguez filed his original complaint on July 20, 2025, seeking damages for wrongful death and a putative class-action injunction based on an alleged abortion that occurred in September 2024. *See generally Rodriguez I*, ECF No. 1.

On September 3, 2025, the Texas Legislature enacted Texas House Bill 7 (HB7), which purports to create a civil cause of action against out-of-state persons, including physicians, who provide or distribute abortion medication in Texas.

On September 29, 2025, Mr. Rodriguez informed this Court that he intended to file an amended complaint with an HB7 claim in December 2025, the month that HB7 took effect. *Rodriguez I*, ECF No. 13. Accordingly, this Court stayed Dr. Coeytaux's response to the initial complaint to allow Mr. Rodriguez to add claims under HB7. *Rodriguez I*, ECF No. 13 (joint motion); *Rodriguez I*, ECF No. 14 (order). HB7 subsequently went into effect December 4, 2025.

On February 1, 2026, Mr. Rodriguez filed his amended complaint in *Rodriguez I*. Mr. Rodriguez dropped his putative class and nationwide injunction claim in favor of two HB7 claims: (1) a new request for injunctive relief, on the grounds that Dr. Coeytaux

allegedly "intend[ed] to" violate HB7 in the future, and (2) a claim for an anti-suit injunction to preemptively restrain Dr. Coeytaux from bringing any clawback suit against Mr. Rodriguez, his attorneys, or any other person assisting him. *Rodriguez I*, ECF No. 16 ¶¶ 30, 38–39.

On February 2, 2026, Mr. Rodriguez moved for a preliminary anti-suit injunction. *Rodriguez I*, ECF No. 17. Mr. Rodriguez then filed a Rule 54(b) motion on February 10, 2026, asking this Court to enter final judgment on his claim for an anti-suit injunction and permanently enjoin Dr. Coeytaux from filing a clawback suit under California's abortion-shield law. *Rodriguez I*, ECF No. 24.

Following an initial conference, on February 11, 2026, this Court entered a Docket Control Order setting February 20, 2026, as the deadline to amend the pleadings and to add new parties. *Rodriguez I*, ECF No. 26. After that date, by order of this Court, any motion for leave to amend or to add new parties needed to demonstrate "both good cause and excusable neglect." *Id.*

On February 19, 2026, the parties submitted a joint briefing schedule on the motion to dismiss and on Mr. Rodriguez's two anti-suit injunction motions, which the Court subsequently ordered. *Rodriguez I*, ECF Nos. 27–29.

**B.    Dr. Coeytaux Moves to Dismiss Mr. Rodriguez's First Amended Complaint**

On April 16, 2026, Dr. Coeytaux timely filed his motion to dismiss Mr. Rodriguez's first amended complaint, which raised numerous threshold jurisdictional issues. *Rodriguez I*, ECF No. 30. Dr. Coeytaux's motion showed that Mr. Rodriguez lacked standing to assert

either of his claims. Mr. Rodriguez had no standing to assert wrongful death because his claimed injury, the alleged September 2024 abortion, was caused not by Dr. Coeytaux's alleged mailing of abortion medication, but from the independent acts of two non-parties: Mr. Garza (who allegedly obtained the pills and gave them to his wife) and Mrs. Garza (who allegedly chose to take them). *Rodriguez I*, ECF No. 30, at 9–11. Mr. Rodriguez lacked standing to assert an HB7 claim because Dr. Coeytaux's alleged intent to mail abortion medication into Texas did not injure Mr. Rodriguez and because HB7 is not a genuine *qui tam* statute that could entitle Mr. Rodriguez to *qui tam* standing. *Id.* at 11–19. Likewise, he lacked standing to seek an anti-suit injunction under HB7 because his ability to seek the anti-suit injunction is dependent on his ability to bring an HB7 claim and, regardless, there was no certainly impending injury to justify such extraordinary relief. *Id.* at 19–21.

Dr. Coeytaux's motion to dismiss also showed that Mr. Rodriguez failed to state a valid claim in multiple ways. Mr. Rodriguez's prior assault conviction barred his HB7 claims. *Id.* at 32–39. Mr. Rodriguez's conclusory allegation that Dr. Coeytaux "intends to continue mailing abortion-inducing drugs into Texas" is insufficient to state a claim. *Rodriguez I*, ECF No. 30, at 32–33. Additionally, HB7 violates the Texas Constitution by divesting the Attorney General and district and county attorneys of their exclusive constitutional authority to enforce and litigate the State's rights and purporting to delegate that authority to unaccountable citizens. *Id.* at 33–36. HB7 also violates the dormant Commerce Clause of the U.S. Constitution by facially discriminating against out-of-state physicians: HB7 explicitly does not prohibit Texas-licensed physicians inside Texas from

4

mailing abortion pills to someone in Texas, while out-of-state physicians can be sued and held liable for the exact same conduct. *Id.* at 36–39.

The same day, Dr. Coeytaux also timely filed his responses to Mr. Rodriguez's preliminary injunction and Rule 54(b) motions. *See Rodriguez I*, ECF Nos. 31, 32.

Mr. Rodriguez filed his replies in support of his motions for anti-suit injunctions on May 15, 2026, and May 22, 2026, after receiving a one-week extension for the latter. *Rodriguez I*, ECF Nos. 40–41, 43. As to Dr. Coeytaux's motion to dismiss, Mr. Rodriguez did not keep that motion on the same timeline as Mr. Rodriguez's two motions, despite the parties' previous agreement on simultaneous briefing. Instead, Mr. Rodriguez sought and obtained a one-month extension for his opposition, making it due on June 15, 2026. *Rodriguez I*, ECF No. 36. As a result, Mr. Rodriguez's injunction motions were fully briefed on May 22, weeks before Mr. Rodriguez's response to Dr. Coeytaux's motion to dismiss was due on June 15.

### C. Mr. Rodriguez Avoids Responding to Dr. Coeytaux's Motion to Dismiss on the Parties' Agreed and Court-Approved Schedule and Instead Moves for Leave to Amend

On June 8, 2026—a week before his extended deadline to respond to Dr. Coeytaux's motion to dismiss—Mr. Rodriguez filed a motion for leave to file a second amended complaint. *Rodriguez I*, ECF No. 45. On June 9, 2026, this Court stayed Mr. Rodriguez's deadline to respond to the motion to dismiss while it resolved his motion for leave to amend. *Rodriguez I*, ECF No. 47.

On June 29, 2026, Dr. Coeytaux filed his opposition to Mr. Rodriguez's motion for leave to file a second amended complaint. *Rodriguez I*, ECF No. 48. Dr. Coeytaux argued

that Mr. Rodriguez had not attempted to meet his burden of showing good cause to amend the complaint under Rule 16(b) and that he could not meet his burden had he tried. *See generally id.*

**D.     Mr. Rodriguez Abandons *Rodriguez I* in the Middle of Briefing on His Motion for Leave to Amend, Dismisses *Rodriguez I*, and Files *Rodriguez II***

Instead of filing a reply in support of his motion for leave to amend and then allowing this Court to rule on that motion, Mr. Rodriguez took a different tack to avoid an adverse ruling. On June 30, 2026, Mr. Rodriguez voluntarily dismissed his case without prejudice under Rule 41(a)(1)(A)(i). *Rodriguez I*, ECF No. 49. He then immediately filed his proposed second amended complaint from *Rodriguez I* as the initial complaint in this new case, *Rodriguez II*. *Id.*, ECF No. 1. As he did in *Rodriguez I*, he also filed motions for a preliminary anti-suit injunction and for a partial final judgment under Rule 54(b). *Rodriguez II*, ECF Nos. 5–6.

The complaint in *Rodriguez II* substitutes a new plaintiff, Isabella Irene Rodriguez, for Mr. Rodriguez concerning one of his claims under HB7: an injunction to prohibit Dr. Coeytaux from mailing medication abortion into Texas. *Compare Rodriguez I*, ECF No. 16, at ¶¶ 30–33, *with Rodriguez II*, ECF No. 1, at ¶¶ 32–36. Mr. Rodriguez continues to assert claims for wrongful death and an anti-suit injunction under HB7. The addition of Ms. Rodriguez appears to be an attempt to remedy the fact that Mr. Rodriguez's prior assault conviction bars him from asserting HB7 claims. *See Rodriguez I*, ECF No. 45. Otherwise, the complaint does nothing to remedy the multiple jurisdictional and pleading defects from *Rodriguez I*.

Because Dr. Coeytaux waived service of the *Rodriguez II* complaint, he has sixty days from the waiver request to file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). Dr. Coeytaux intends to move to dismiss the case and raise both jurisdictional and pleading defects in the new complaint.

## ARGUMENT

**A.    The Court Should Stay Dr. Coeytaux's Deadlines to Respond to Plaintiffs' Pending Motions Until the Court Decides Dr. Coeytaux's Forthcoming Motion to Dismiss.**

Dr. Coeytaux's forthcoming motion to dismiss in this case will likely raise substantial threshold questions concerning this Court's jurisdiction. As discussed above, Dr. Coeytaux's motion to dismiss in *Rodriguez I* challenged Mr. Rodriguez's standing to assert any of his claims, raising multiple grounds requiring dismissal. Dr. Coeytaux's motion to dismiss in this case will likely again challenge Mr. Rodriguez's standing and will likely address Ms. Rodriguez's standing as well.

It is beyond dispute that the Court must decide the jurisdictional issues before granting any injunctive relief, including a preliminary injunction. "Without jurisdiction the Court cannot proceed at all in any cause." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)). It is legal error for a district court to issue a preliminary injunction "without determining whether it ha[s] jurisdiction over the party enjoined" because a "'district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction.'" *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470–71 (5th Cir. 1985) (citation omitted).

It is therefore in the interest of judicial efficiency to defer briefing on Plaintiffs' pending motions requesting preliminary and permanent injunctive relief until after the Court determines whether it has jurisdiction in this matter at all. If this Court lacks jurisdiction, as Dr. Coeytaux contends, then it will have been a waste of resources for the parties to have fully briefed motions for injunctions that the Court had no jurisdiction to issue.

In addition to jurisdictional issues, Dr. Coeytaux's motion will also likely assert that Plaintiffs failed to state a claim and that their case must be dismissed under Rule 12(b)(6). As discussed above, Dr. Coeytaux's motion to dismiss in *Rodriguez I* raised numerous pleading deficiencies, including the unconstitutionality of HB7. His motion to dismiss in *Rodriguez II* will also likely address whether Ms. Rodriguez has stated an HB7 claim in this new case.

If this Court were to rule that Plaintiffs have failed to state an HB7 claim for any reason, including that HB7 is unconstitutional, then the court could not issue injunctive relief under HB7, including Plaintiffs' request for a preliminary injunction, as likelihood of success on the merits is a prerequisite for a preliminary injunction. *See CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 264 n.22 (5th Cir. 2022) (per curiam); *PCI Transp., Inc. v. Ft. Worth & W. R.R.*, 418 F.3d 535, 545–46 (5th Cir. 2005). Accordingly, it would be a waste of resources to force the parties to brief motions for injunctions under claims that the Court might later determine must be dismissed under Rule 12(b)(6).

This Court previously stayed briefing deadlines in the interests of judicial efficiency. On June 8, 2026—a week before his deadline to respond to Dr. Coeytaux's

motion to dismiss—Mr. Rodriguez filed a motion for leave to file a second amended complaint and sought a stay of his deadline to respond to the motion to dismiss. *Rodriguez I*, ECF Nos. 45, 46. The next day, rather than force Mr. Rodriguez to respond to a motion to dismiss that could be mooted by the filing of an amended complaint, the Court took the practical approach of staying Mr. Rodriguez's deadline to respond to the motion to dismiss until after the Court resolved his motion for leave to amend. *Rodriguez I*, ECF No. 47.

The Court should take the same practical approach here and stay Dr. Coeytaux's deadlines to respond to Plaintiffs' pending motions until after the Court decides Dr. Coeytaux's forthcoming motion to dismiss. A stay will conserve judicial and party resources and protect Dr. Coeytaux from having to respond to yet another series of motions from Mr. Rodriguez and enable a prompt resolution about whether the wrongful death claims that have been looming over Dr. Coeytaux for more than a year are properly before the Court. At the same time, Plaintiffs cannot plausibly claim that a stay will cause them any prejudice. As to Mr. Rodriguez, he only just recently abandoned the exact same claims and briefing, presumably to avoid adverse decisions. Any delay in resolution of his claims caused by a stay is purely the result of his own conduct. Likewise, Ms. Rodriguez did not even attempt to bring claims against Dr. Coeytaux until more than a year after Mr. Rodriguez first filed suit. In short, neither Mr. Rodriguez nor Ms. Rodriguez can plausibly assert that the requested stay will cause them any prejudice.

**B.    Alternatively, the Court Should Issue a Scheduling Order that Sets the Motion to Dismiss and Plaintiffs' Two Motions to Be Fully Briefed on the Same Timeline.**

9

In the alternative, Dr. Coeytaux requests that the Court issue a scheduling order for the forthcoming motion to dismiss and Plaintiffs' two motions such that all three motions will be fully briefed simultaneously.

Accordingly, in this case, if the Court does not grant Dr. Coeytaux's request for a stay, Dr. Coeytaux proposes the following alternate briefing schedule:

Defendant's Motion to Dismiss

- Motion: September 1
- Plaintiffs' opposition: October 1
- Defendant's Reply: October 22

Plaintiffs' Pending Motions

- Defendant's oppositions: October 1
- Plaintiffs' Replies: October 22

Such a schedule would avoid two concerns. First, it would avoid permitting any party's motion from getting ahead of the others. Second, in the interest of fairness, it would avoid requiring Dr. Coeytaux to file three pleadings—his motion to dismiss and his two oppositions to Plaintiffs' motions—all on the same day.

## CONCLUSION

For the foregoing reasons, Dr. Coeytaux respectfully requests that the Court stay his deadlines to respond to Plaintiffs' pending motions for a preliminary injunction (ECF No. 5) and for a Rule 54(b) judgment (ECF No. 6) until thirty days after the Court decides Dr. Coeytaux's forthcoming motion to dismiss. Alternatively, Dr. Coeytaux requests that the Court enter a briefing schedule by which his motion to dismiss and Plaintiffs' pending

motions will be briefed simultaneously. Dr. Coeytaux has proposed an alternative schedule that would lead to this result.

Dated: July 20, 2026

-

Respectfully submitted.

/s/ Christopher M. Odell
Christopher M. Odell
Texas State Bar No. 24037205
Leah Schultz
Texas State Bar No. 24126910
Arnold & Porter Kaye Scholer LLP
811 Main Street, Suite 1800
Houston, TX 77002
(713) 576-2400 (phone)
(713) 576-2499 (fax)
christopher.odell@arnoldporter.com
leah.schultz@arnoldporter.com

Marc Hearron
HEARRON PLLC
Texas State Bar No. 24050739
(*pro hac vice forthcoming*)
marc@hearronlaw.com
100 Crescent Court
Suite 700, PMB 17265624
Dallas, Texas 75201
(214) 278-6815 (phone)

Jenna Hudson
CENTER FOR REPRODUCTIVE RIGHTS
District of Columbia State Bar No. 1002396
(*pro hac vice forthcoming*)
jhudson@reprorights.org
1600 K St. NW
Washington, DC 20006
(202) 628-0286 (phone)

*Counsel for Defendant Remy Coeytaux*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2026, the foregoing document was electronically filed with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic filing system of the court.

> */s/ Christopher M. Odell*
> Christopher M. Odell
> ARNOLD & PORTER KAYE SCHOLER LLP
> Texas State Bar No. 24037205
> S.D. Tex. Bar No. 33677
> Christopher.Odell@arnoldporter.com